IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TROY LAMONT SMALL, : CIVIL ACTION
        Plaintiff :
    v. :
ANDREW SAUL, :
Commissioner of the Social :
Security Administration, :
        Defendant : NO. 18-5043

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                              November 21, 2019

      Troy Lamont Small ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is denied and judgment is entered in favor of the Commissioner.

### I.    PROCEDURAL HISTORY[1]

      On January 15, 2015, Plaintiff applied for DIB, alleging disability since March 25, 2014, because of physical problems. R. 46. The claim was denied, initially, and Plaintiff requested a hearing. *Id.* On May 11, 2017, Plaintiff appeared before Ryan Hoback, Administrative Law Judge ("the ALJ"), for an administrative hearing; Plaintiff, who was represented by an attorney, and vocational expert Christine A. Carozza Slusarski ("the VE") testified at the hearing. R. 64-101.

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply to Defendant's Response to Request for Review ("Reply"), and the administrative record. ("R.").

On December 13, 2017, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. R. 46-58. The Appeals Council denied Plaintiff's request for review, on September 26, 2018, making the ALJ's findings the final determination of the Commissioner. R. 1-3. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

A.  Personal History

Plaintiff, born in October 1967, R. 71, was 50 years old when the ALJ rendered his decision. He completed high school and two years of college, R. 73, and worked as a cable installer for 17 years. R. 74, 92. Plaintiff lives with his wife and adult step-daughter. R. 72.

B.  Plaintiff's Testimony

At the May 11, 2017 administrative hearing, Plaintiff testified regarding limitations that he alleges result from his physical impairments. R. 71-91. Plaintiff stated that the main reason he was unable to work was his constant pain. R. 77. His pain does not result from an accident or injury, instead, his doctor has told him that the discs in his back have been compressed and worn

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

down as a result of the work he performed on a daily basis. *Id.* Plaintiff has undergone two surgeries on his back, one in 2014 and one in 2015. R. 83. He stated that, for approximately two to four months after the 2015 surgery, he felt better, however, his pain then resumed at its previous level. R. 85, 87.

Plaintiff described problems in his left leg; if he sits for 20 to 30 minutes, his leg becomes numb. R. 86. Prior to his first surgery, Plaintiff had left leg pain from his hip down to his ankle; the 2014 surgery resolved this pain, but not the numbness. R. 87.

Plaintiff testified that, due to his pain, he is unable to sleep through the night. R. 80. He usually awakens at 2:00 a.m., stays awake for three or four hours, then eats breakfast. *Id.* Then, Plaintiff either lays down again and spends most of his day in bed, or sits in his recliner or lies on a couch, with his feet propped up. *Id.* He can only focus and concentrate, while watching television, if he is lying down. R. 89.

Plaintiff is able to cook eggs for breakfast, use a microwave to heat food and prepare sandwiches. *Id.* He is unable to clean the house, wash his dirty clothes, or help grocery shop; he is able to load a dishwasher. R. 81. Plaintiff no longer attends religious services; he dines out approximately twice a month and had attended two movies over the previous three years. R. 82.

C.   Vocational Testimony

The VE classified Plaintiff's past position as a cable installer as a skilled,[3] heavy job[4]. R. 92. The ALJ asked the VE to consider a person of Plaintiff's age, education, work experience,

---

[3] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. . . . Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(a).

[4] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(d).

who was limited to light[5] work, with standing and walking reduced to two hours, occasionally able to climb ramps and stairs, balance, stoop, kneel, crouch and crawl, never able to climb ladders, ropes or scaffolds and able to tolerate occasional exposure to unprotected heights, moving mechanical parts, humidity, wetness, extreme cold and vibration, and ,finally, occasionally able to drive a car. R. 93. The VE responded that this person could not perform Plaintiff's past job, but could perform the light, unskilled[6] jobs of: (1) sorter (51,000 positions in the national economy); (2) assembler for plastic hospital products (60,500 positions in the national economy); and (3) inspector for surgical instruments (51,000 positions in the national economy). R. 93-94. The VE explained that most light jobs require six hours of standing and walking, but, based on her 30 years of experience as a counselor, she opined that the three jobs she identified could be performed from a bench-desk position with the worker sitting most of the time. R. 94. The VE also identified sedentary[7] jobs the hypothetical person could perform: (1) envelope addresser (35,000 positions in the national economy); (2) food and beverage order clerk (93,000 positions in the national economy); and (3) table worker (51,000 positions in the national economy). R. 94-95. The VE further opined that, if a person was absent from work three or more days per month, he would not be employable. R. 95. In addition, if the person were off-task 20 percent of the workday, he would be unemployable. R. 96. Finally, if the person could not, in combination, sit, stand or walk for eight consecutive hours, he could not work. *Id.*

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).
[6] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a).
[7] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools." 20 C.F.R. § 404.1567(a).

## III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2018.

2. [Plaintiff] has not engaged in substantial gainful activity since March 25, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. [Plaintiff] has the following severe impairments: Lumbar Degenerative Disc Disease (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is limited to sitting 6 hours and standing and/or walking 2 hours. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl but never climb ropes, ladders, or scaffolds. He can occasionally work at unprotected heights, around moving mechanical parts, and operate a motor vehicle, and can tolerate occasional exposure to humidity and wetness, extreme cold, and vibration.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born [in] October 1967 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a)).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from March 25, 2014, through the date of this decision (20 CFR 404.1520(g)).

R. 48-49, 51, 56-57.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is more than a mere scintilla of evidence but may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.     Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Poulos,* 474 F.3d at 92; *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

C.     Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff could not perform his past relevant work, he could perform other jobs in the national economy. R. 46-58. Plaintiff challenges this conclusion and maintains that the ALJ erred by finding that he can perform a limited range of light work. Pl. Br. at 3-10. The Commissioner disputes Plaintiff's

argument. Resp. at 2-11. This court finds that the ALJ did not commit error by finding that Plaintiff could perform a limited range of light work.

Plaintiff notes that the ALJ found that, although he could perform the lifting requirements of light work, he was unable to stand and walk the requisite number of hours. Pl. Br. at 5 (citing 20 C.F.R. § 404.1567 and Social Security Ruling ("SSR") 83-10). He argues that this discrepancy required the ALJ to either find that Plaintiff could not perform light work and, instead, could only perform sedentary work, or that Plaintiff was between two exertional levels. Pl. Br. at 5-10. With respect to the latter point, Plaintiff argues that the ALJ failed to comply with SSR 83-12. Pl. Br. at 8-10. Addressing the latter point first, this court finds that both of Plaintiff's claims lack merit.

When a claimant can perform a little less or a little more than the specific requirements for a particular level of work, the Medical-Vocational guidelines do not apply precisely. SSR 83-12, 1983 WL 31253, at *1. In such instances, the occupational base may be eroded and the ALJ will need to determine whether the claimant can work. *Id.* at *2. In order to do so, the ALJ may utilize a vocational expert. *Id.* at *2-*3. That is precisely what the ALJ did in this case. The ALJ included the precise residual functional capacity ("RFC") determination he rendered in the decision in his first hypothetic to the VE and, in response, the VE identified light jobs that a person with these limitations could perform. R. 93-94. The VE's opinion is sufficient to sustain the ALJ's burden to find jobs that Plaintiff could perform, given his inability to perform the full range of light work. *See* SSR 83-12, 1983 WL 31253, at *1-*3.

Plaintiff's first argument also fails, because the ALJ was not compelled to find that he could only perform sedentary work. SSR 83-12 explains that, when the claimant's RFC is between two exertional levels, the Medical-Vocational guidelines do not dictate a particular result. SSR 83-12, 1983 WL 31253, at *1. Contrary to Plaintiff's argument, the Ruling does not mandate that,

8

when a claimant's RFC falls between two exertional levels, the lower exertional level must be applied; instead, SSR 83-12 teaches that when the claimant's RFC falls between two exertional levels, the ALJ will have to determine whether the occupational base is so eroded that the claimant cannot work. *Id.* at *2; *see Martin v. Barnhart*, 240 Fed. Appx. 941, 946 (3d Cir. 2007) (non precedential). In those circumstances, the ALJ may need to utilize a vocational expert to determine whether the claimant is disabled. SSR 83-12, WL 31253, at *2; *Martin*, 240 Fed. Appx. at 946. That is precisely what the ALJ did. Hence, the ALJ did not err.

## V. CONCLUSION

Review of the relevant law and the record indicate that Plaintiff's assertions of error lack merit. Accordingly, an implementing Order and Order of Judgment follow.